# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 121
### REGINA NORTON v. F. W. NORTON
Error to Lorain County Appeals
No. 18275, filed in Supreme Court
Dec. 29, 1924. 2 Abs. 45

DIVORCE AND ALIMONY.

Action for divorce and alimony commenced in the Common Pleas of Lorain county in which F. W. Norton was plaintiff and Regina Norton was defendant. The parties are herein referred to as plaintiff and defendant as they appear in the trial court.

On October 13, 1921, defendant, in an action for alimony, secured a judgment in Lucas county Common Pleas. This alimony was later paid in a lump sum.

Dec. 20, 1921, plaintig filed his petition asking for divorce. June 5, 1923, defendant filed a motion asking for temporary alimony. June 9, 1923 (plaintiff having asked for a continuance), the motion was granted. June 25, 1923, this entry was vacated and a new entry was made granting the motion. On June 28 the plaintiff filed a motion for a new trial. July 3 defendant asked to strike this motion from the files because the same was not filed within three days after June 9. This motion was later withdrawn.

The Court of Appeals reversed the Common Pleas on questions, as follows:

1. That the court erred in refusing to grant a continuance. 2. That the court erred in allowing alimony upon the evidence offered.

Defendant claimed error to the Court of Appeals as follows:

1. That the continuance was, in fact, granted by the vacation of the order of June 9.

2. That testimony by the defendant that her home was in Atlanta, Georgia; that she was not able to work and had no means of support; that she owned no property and that she had had no allowance from plaintiff during the pendency of the suit; that plaintiff was employed and was in perfect health and that she had learned that his salary was $50 per week and his expenses, was sufficient evidence to warrant the allowing of the alimony.

Attorneys—T. A. Conway, Elyria, for Regina Norton; G. A. Resek and C. F. Adams, Lorain, for F. W. Norton.

---

## STATE COURT OF APPEALS

Cases Recently Decided as Per Dates Shown

No. 122
### YOUNGSTOWN GROCERY v. DAVIS BROS. FISHERIES

Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 2, 1923

85. APPEAL—Second appeal by same party in same case, to cure statutory defects in first appeal, held properly dismissed.

FARR, J.

Epitomized Opinion
First Publication of this Opinion

Davis Bros. Fisheries secured judgment against Youngstown Grocery Co. in the Youngstown Municipal Court. Thereafter Grocery Co. filed appeal bond in Mahoning Common Pleas. No transcript of the proceedings having been filed on motion of Fisheries, appeal was dismissed. Thereafter Grocery Co. had the judgment in the Municipal Court vacated, and a bond was filed together with bill of exceptions. A motion was made to dismiss the appeal on the ground that two appeals could not be perfected in the same cause. The second appeal was dismissed, and error is prosecuted on the ground that Common Pleas was without jurisdiction to dismiss the second appeal. In affirming the judgment the Court of Appeals held:

1. "When the appeal bond was given and filed in the Court of Common Pleas, the appeal was effective but not completed by the filing of the transcript. To hold in this case that the second judgment was valid and effective and that an appeal might be taken from it would be to establish a precedent to the effect that where appeal is sought to be taken from the judgment from the lower court, and statutory requirements are not wholly met, and the appeal is dismissed, that an appellant may then go back to the court below, have his judgment set aside for an omission upon his part, such as a failure to file a transcript within the statutory period, and then perfect his appeal. Such proceedure would violate the rule that one cannot have two appeals in the same cause. Therefore the Grocery Co. could not go into the Municipal Court, have its first judgment set aside, a new judgment entered, renew its bond, and take a second appeal to the Court of Common Pleas."

Atorneys—J. M. Modarelli, for Youngstown Grocery Co.; W. W. Zimmerman, for Davis Bros. Fisheries.